United States District Court
Southern District of Texas
**ENTERED**
July 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARAH MARIA MORONI, §<br>   *Plaintiff*, §<br>§<br>v. §<br>§<br>GENERAL MOTORS FINANCIAL §<br>COMPANY, INC., §<br>   *Defendant*. § | CIVIL ACTION NO. 4:23-CV-04526 |

## **MEMORANDUM AND RECOMMENDATION**

The status of this case is before the Court.[1]  For the reasons explained below, the Court recommends Plaintiff's Complaint be dismissed with prejudice.

On November 30, 2023, Plaintiff filed a Complaint against General Motors Financial Company, Inc. alleging that Defendant violated the Truth in Lending Act and multiple other federal statutes in connection with the repossession of her vehicle. ECF 1.  Plaintiff alleges that Defendant failed to produce a binding contract with Truth in Lending Act disclosures, a wet ink application, a warrant signed by a judge, or a copy of the "UCC-1 filed lien."  *Id.* at 1–2.  The Complaint seeks damages of $1,545,886.10 and the release of Plaintiff's vehicle.  *Id.* at 2.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 3.

Defendant filed a Motion to Dismiss or, Alternatively, for a More Definite Statement on December 27, 2023.  ECF 5.  In the Motion, Defendant argues it was entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Complaint relies on sovereign citizen-type arguments in an attempt to eliminate a valid debt and recover the vehicle that Defendant repossessed pursuant to its lien. *Id.* at 5.  Defendant further argues that Plaintiff's Complaint fails to allege facts demonstrating a viable cause of action under the cited statutes, or a cause of action that relieves Plaintiff of her obligation to pay off Defendant's lien on the vehicle. *Id.* at 5–6.  Alternatively, Defendant argued that Rule 12(e) required a more definite statement because Plaintiff's Complaint is so vague and ambiguous that it could not prepare a responsive pleading without making assumptions about Plaintiff's purported claims. *Id.* at 7.  Plaintiff did not respond to Defendant's Motion.

On April 23, 2024 the Court granted Defendant's Motion for a More Definite Statement and ordered Plaintiff to file an Amended Complaint on or before May 24, 2024.  ECF 22 at 3.  The Court denied Defendant's Motion to Dismiss under Rule 12(b)(6) as moot without prejudice to refiling in the event that Plaintiff filed an amended complaint. *Id.*  Two weeks past the May 24 deadline, Plaintiff filed an Affidavit of Amended Claim.  ECF 24.  On June 18, 2024, the Court struck Plaintiff's Amended Complaint as both untimely and filed without leave of court.

ECF 26. The June 18 Order allowed Plaintiff to move for leave to amend the Complaint by June 21, 2024 and required Plaintiff to explain her failure to comply with the Court's prior order. *Id.* at 2. The June 18 Order further warned Plaintiff that "failure to do so **will** result in a recommendation to the District Judge that her claims be dismissed without further opportunity to amend." *Id.* Plaintiff has made no such filing and the time for doing so has passed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with … a court order." FED. R. CIV. P. 41(b). For the reasons explained above, Plaintiff's action should be dismissed for want of prosecution and failure to comply with an order of the court.

Furthermore, Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a cause of action in a complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and which "allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the Court has advised Plaintiff of the inadequacy of her Complaint and has given Plaintiff multiple opportunities to amend. Despite this, Plaintiff has not done so. Plaintiff's Complaint

fails to adequately state a claim for relief against Defendant and therefore should be dismissed with prejudice.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's action be dismissed with prejudice for want of prosecution and failure to comply with a court order under Rule 41(b) and for failure to state a claim under Rule 12(b)(6).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 23, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge